United States District Court
Southern District of Texas
**ENTERED**
March 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOREY D LACEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-02376 |
| | § | |
| A ARIJE-LAWAL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Torey D. Lacey, an inmate in the Texas Department of Criminal Justice ("TDCJ"), filed suit under 42 U.S.C. § 1983. He alleges that the defendant Arije-Lawal used excessive force and retaliated against him, that the defendants exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, and that Arije-Lawal unlawfully searched his personal property in violation of his Fourth Amendment rights. The defendants now move for summary judgment on all claims except the excessive force claim for the following reasons, the defendants' motion is granted.

### I.    Background

Lacey is confined to a wheelchair due to health conditions that predate his incarceration in the TDCJ. He alleges that, on February 19, 2021, defendant Arije-Lawal, a TDCJ Corrections Officer, searched Lacey's property while he was in the infirmary and rushed and shoved him from behind, causing him injury. He further alleges that all three defendants denied him medical treatment for his injuries, and that Arije-Lawal retaliated

against him by denying him access to the medical department and writing false disciplinary charges against him.  Lacey seeks compensatory, punitive, and declaratory relief.

**II.**    **Analysis**

    **A.** **The Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law.  Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant  . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence.  We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

### B. **Eleventh Amendment Immunity**

The defendants argue that they are immune from suit in their official capacities under the Eleventh Amendment.  "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  The defendants are entitled to summary judgment on all official capacity claims for money damages.

Eleventh Amendment immunity does not bar a grant of prospective injunctive relief against state actors in their official capacities. *Ex Parte Young*, 209 U.S. 123 (1908).  Lacey does not seek injunctive relief, but does request a declaration that the defendants' alleged actions violated his civil rights.  The *Young* exception does not extend to declarations about past conduct. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).  Thus, Lacey's claims against the defendants in their official capacities are barred by the Eleventh Amendment and must be dismissed with prejudice.

### C. **Eighth Amendment**

The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Thus, an Eighth Amendment violation may occur where "denial of medical

care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.* To rise to the level of a constitutional violation, however, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v.*

*Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The defendants submit medical records showing that Lacey submitted a sick call request complaining of kidney pain the day after the alleged attack. Motion for Summary Judgment, Exh. A at 4. Medical staff performed a urine dip and checked Lacey's vitals. *Id.* Lacey did not complain of pain or discomfort arising from the alleged use of excessive force or report that such an incident occurred. *Id.*

4 / 8

The day after this examination, Lacey filed a grievance about the use of force. *Id.*, Exh. B at 13. He was evaluated by nursing staff the following day and no injuries were noted. *Id.*, Exh. A at 4, 9. The following day, Lacey submitted another sick call request to obtain pain medication. When seen by a nurse, Lacey reported that he suffered back pain since he was a child. He did not complain of any recent injury. *Id.*

## 1. **Arije-Lawal**

Lacey contends that Arije-Lawal was deliberately indifferent when she ordered him back to his cell after the alleged use of force incident. The record shows, however, that Lacey suffered no significant injury resulting from that incident. There was therefore no serious medical need to which Arije-Lawal could be indifferent, and no Eighth Amendment violation.

## 2. **Dr. Edgar Hulipas**

Lacey complains that Dr. Edgar Hulipas denied him access to medical care "for re-injury of his pre-existing medical injuries." Complaint (Doc. # 1) at 4. Specifically, Lacey complains that Dr. Hulipas cancelled an appointment with Lacey that was set by a nurse and "refused to treat [Lacey] for his serious medical needs." *Id.* at 6.

As noted above, the record shows that Lacey was seen by nursing staff twice in the three days after the alleged use of force incident, and he did not complain of any new injuries. While Lacey may have preferred to see a doctor rather than a nurse, he received examination and treatment, and fails to identify any deliberate indifference to his medical needs.

### 3.  **Justin Thomas**

Justin Thomas is the Practice Manager for the medical staff at the Jester III Unit, where Lacey is housed.  Lacey alleges that Thomas failed to properly train and supervise medical personnel resulting in the alleged denial of care to Lacey.

The defendants explain that Thomas's job is an administrative position, not a medical position.  Summary Judgment Motion, Exh. A at 10. Thomas is not a medical professional, has no medical credentials, and does not supervise or train medical staff.  *Id.* Lacey's deliberate indifference claims against Thomas is based on a flawed factual premise, and Thomas is entitled to summary judgment.

### D.  **Fourth Amendment**

Lacey next alleges that Arije-Lawal unreasonably searched him in violation of the Fourth Amendment.   The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 527 (1984).  While the search giving rise to Lacey's complaint occurred in the prison infirmary, not his cell, the general principle remains the same.   "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates . . . required to ensure institutional security and internal order." *Id.* at 527.

Lacey alleges that the search violated TDCJ policy, but the allegation is wholly conclusory.  "In order to avoid dismissal for failure to state a claim, a plaintiff must plead

specific facts, not mere conclusory allegations...." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). Arije-Lawal is entitled to summary judgment on the Fourth Amendment claim.

### E.  Retaliation

Lacey alleges that Arije-Lawal retaliated against him by preventing him from obtaining medication.  The defendants submit Lacey's grievance records showing that Lacey never raised his retaliation claim in a grievance.  Summary Judgment Motion, Exh. B.

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004). "[P]re-filing exhaustion of prison grievance processes is mandatory."  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because Lacey did not exhaust this claim through the grievance process, he cannot bring suit in federal court on this claim.

### III.   Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (Doc. # 26) is GRANTED.  All claims except Lacey's excessive force claim are DISMISSED

7 / 8

WITH PREJUDICE, and defendants Edgar Hulipas and Justin Thomas are dismissed from this case.

It is so ORDERED.

SIGNED on March 20, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge

8 / 8